BARKER *v.* HUNDLEY.

**Execution—Sale by Sheriff.**

In the absence of an express stipulation in an execution from the court, as to a sale for "cash," the return of the Sheriff that the sale was made for cash, is presumptive evidence that he did not exceed his authority.

APPEAL FROM FAYETTE CIRCUIT COURT.

October 17, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The only evidence before this court as to the authority of the sheriff to make the sale of Richard Hundley's land, and as to the question of whether he sold more land than he was authorized to sell is the return made by him upon the execution issued from this court. From this return it appears that he levied upon the land to satisfy said execution, and also another execution issued from the Fayette circuit court in the same case, and that the "same land and other lands were levied on and offered for sale at the same time and place subject to this prior execution" that the sale was made for *cash,* and that after satisfying this execution he applied the remainder of the money realized from the sale as a credit on the execution issued from the circuit court.

It is claimed that the execution issued from the circuit court did not authorize him to sell for *cash,* and that this cash sale, in so far as it exceeded the amount of the execution issued from this court, was unauthorized and void, and hence that too much land was sold. The evidence before us does not show that the circuit court execution did not authorize a sale for cash. And we pre-

sume that the sheriff did not exceed his authority. The motion to set aside the sale is overruled.

*Breckinridge & Buckner, for appellant.*